RENDERED: AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0769-MR

RODNEY SMITH                                                                     APPELLANT

APPEAL FROM LYON CIRCUIT COURT
v.         HONORABLE CLARENCE A. WOODALL, III, JUDGE
ACTION NO. 19-CR-00128

COMMONWEALTH OF KENTUCKY                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

COMBS, JUDGE: This is a criminal case in which the Appellant, Rodney Smith (Smith), challenges an order from the Lyon Circuit Court granting a motion *in limine* by the Commonwealth to suppress evidence. A jury convicted Smith of assault in the third degree. On appeal, Smith contends that the trial court improperly excluded evidence which deprived him of the right to present a defense. After our review, we affirm.

On July 18, 2018, Smith was an inmate at Kentucky State Penitentiary (KSP). On that date, Smith had placed his mattress on the floor of his cell in violation of prison regulations. A shift supervisor observed the mattress on the floor and claimed to have seen Smith reach toward the HVAC vent in his cell. Corrections Officer Rodriquez was asked to conduct a search of Smith's cell. Smith called the officer by a derogatory name and then leaned in and allegedly spat on the officer, conduct which Smith denied. An administrative proceeding was conducted. After a clerical error was discovered, a second administrative proceeding was conducted. Both hearings resulted in the imposition of an administrative penalty on Smith.

On July 8, 2019, a Lyon County grand jury indicted Smith on one count of Assault -- Third Degree and with being a Persistent Felony Offender (PFO) -- First Degree.

On May 6, 2021, the Commonwealth filed a motion *in limine* to preclude Smith or his counsel from referring to the KSP administrative proceedings regarding the incident. The Commonwealth contended that the proceedings were administrative in nature and were not relevant to the separate criminal charges that Smith was currently facing. Defense counsel filed a response.

The Court heard the motion prior to the commencement of trial on May 21, 2021. The Commonwealth argued that evidence regarding the KSP administrative proceedings would merely confuse the jury.

Defense counsel disagreed and argued that the administrative proceedings were relevant. Prison officials stated that Smith had allegedly violated a prison rule and that there was an initial investigation followed by a second investigation to correct a clerical error. Defense counsel argued that it would "tie Smith's hands" not to be able to question the correctional officers regarding what had transpired in the administrative matter.

The trial court explained that it had a difficult time seeing the relevance of the outcome of the internal KSP administrative hearings in the context of the subsequent criminal proceeding now before the court. Even if the administrative outcome were arguably relevant, the Court thought that under KRE 403[1] it would mislead the jury into believing that punishment had been imposed already. Based on that reasoning, the trial court granted the motion *in limine* sought by the Commonwealth. However, the trial court permitted defense counsel

---

[1] Kentucky Rules of Evidence (KRE) 403 provides that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

to use the administrative hearings to impeach any prior inconsistent statements by a witness and for mitigation purposes during the penalty phase.

Defense counsel advised the trial court that she had a subpoena for one of the KSP hearing committee members, Patricia Allen, and that she wanted to ask Ms. Allen about the findings from the prior administrative hearings. The court explained that if Allen intended to testify about what had transpired at the KSP hearing, such testimony would be precluded by the granting of the motion *in limine* "because she did not actively investigate the case, she heard the case." While the court reiterated its ruling that "the administrative process is not relevant to this criminal case," it clarified that defense counsel would be permitted to call and to question the initial investigator who had directly investigated the administrative matter.

The jury found Smith guilty of assault in the third degree -- but not guilty of PFO I. Smith was sentenced to five years in the penitentiary. He then filed this appeal.

At the threshold of our analysis, we note the substantial deference that we must accord to evidentiary rulings by trial courts:

> Trial courts enjoy substantial discretion in admitting or excluding evidence at trial. . . . Such decisions are not disturbed . . . in the absence of an abuse in discretion. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*Daugherty v. Commonwealth*, 467 S.W.3d 222, 231 (Ky. 2015) (internal quotation marks and citations omitted).

On appeal, Smith contends that he was denied the right to present a defense due to the trial court's exclusion of evidence from the KSP administrative proceedings. He explains that his defense was that Officer Rodriguez made up the spitting incident in retaliation for Smith's previously having filed a civil suit against the officer. Smith claims that the prison officers "were out to get him" and that a second hearing was held to explain that allegation. He contends that Ms. Allen would have testified about inconsistent statements and findings in the two administrative hearings that "would tend to cast doubt on Rodriguez' [*sic*] version of events." In essence, Smith sought to re-argue his administrative case within the context of the criminal case in the Lyon Circuit Court.

Again, the trial court did not believe that the administrative process was relevant and that even if it were relevant, it could mislead the jury under KRE 403 into believing that punishment had been inflicted already. The trial court did allow use of the evidence for impeachment and mitigation purposes. In the recent case of *Welsh v. Commonwealth*, 641 S.W.3d 132, 140 (Ky. 2022), our Supreme Court cited *United States v. Scheffer*, 523 U.S. 303, 308, 118 S. Ct. 1261, 1264, 140 L. Ed. 2d 413 (1998), with approval as follows:

"'[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'"

Finding no abuse of discretion in the trial court's ruling, we conclude that Smith was not deprived of his right to present a defense.

Accordingly, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shannon Dupree
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky